✎ AO 472  (Rev. 3/86)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

**V.**

_____ Ernesto Rios-Pardino _____
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: O6-40M - MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed      that is
     ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
     ☐ an offense for which the maximum sentence is life imprisonment or death.
     ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*
     ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
     ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
     ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED

APR 1 8 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by          clear and convincing evidence      a preponderance of the evidence .  At this time, defendant waived his right to a detention hearing, but reserved his right for a detention hearing in the future which was granted.  Defendant understood his right to have the hearing today, but upon consultation with counsel through the help of an interpreter defendant did not presently contest the government's motion to detain.  In addition, the court makes the following findings:

1. There is substantial evidence from the affidavit in support of the criminal complaint that defendant returned to the US illegally, is a Mexican citizen and did not receive permission from the proper authorities authorizing this return.
2. ICE presently has issued a detainer.
3. Defendant has used two different dates of birth, 7/10/57 & 10/7/57
4. Defendant's wife, from whom he is separated and his three adult children live in Mexico.  He has a long term relationship with Mary Perez Fernandez and 1 child was born of this union.  At the time of his arrest, he resided with Ms. Fernandez and has been living with her since June 2005.  She, however, advised that she has lived with defendant since 2002
5. He admitted that he had been previously deported to Mexico.  Records show that defendant was deported in 2000.
6. Defendant is a registered sex offender having been previously convicted of the reduced charge of unlawful sexual contact in 1996 and served a prison sentence.  He has also been convicted of criminal impersonation.
7. Although defendant claimed that he has been employed since June 2005 as an installer of hardwood floors with a company located in Millsboro DE, this information could not be confirmed.   Defendant did not know the name or address of his employer.

AO 472  (Rev. 3/86)  Order of Detention Pending Trial

For the above reasons, this court tifnds that there are no conditions or acombination there of that will reasonably assure defendant's appearance as required and the safety of the community.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

April 18, 2006
_____                    _____
Date                                        *Signature of Judicial Officer*

                                            Mary Pat Thynge, Magistrate Judge
                                            _____
                                            *Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).